United States District Court
District of Massachusetts

| | |
|---|---|
| José Luis Lema Zamora,<br><br>    Petitioner,<br><br>    v.<br><br>Kristi L. Noem et. al.,<br><br>    Respondents. | Civil Action No.<br>25-12750-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

This case arises from the petition for writ of habeas corpus (Docket No. 1) of petitioner José Luis Lema Zamora ("petitioner" or "Zamora"). He contends that Kristi Noem and other named respondents ("respondents") have refused to grant him a bond hearing on the basis of his detention pursuant to 8 U.S.C. §1225(b)(2), despite his contention that he is eligible for such a hearing under §1226(a). For the following reasons, the petition will be allowed and the petitioner will be released unless respondents provide him with a bond hearing.

I.  **Background and Facts**

The facts provided by the parties in this case are sparse. It appears that petitioner was detained by U.S. Immigration and customs Enforcement ("ICE") on or about August 30, 2025, and

that the parties agree that the petitioner has not been given a bond hearing before an immigration judge.

## II. Sections 1225 and 1226

Section 1225 applies to "applicants for admission," who are defined as noncitizens "present in the United States who [have] not been admitted." §1225(a)(1). All applicants for admission must be inspected by an immigration officer. Id. §1225(a)(3). If an officer determines that the applicant for admission is not "clearly and beyond a doubt entitled to be admitted," the applicant for admission shall be detained pending removal proceedings. §1225(b)(2)(A). An alien detained under §1225(b)(2) may be released only if he is paroled for significant public benefit or urgent humanitarian reasons under §1182(d)(5)(A).

Section 1226(a) establishes a discretionary detention framework for aliens arrested and detained pending a removal decision. Under this provision, the Attorney General may continue to detain the alien, release him on bond or release him on parole. §§1226(a)(1)-(2). The arresting immigration officer makes an initial custody determination but non-citizens have the right to request a custody redetermination (i.e., bond) hearing before an immigration judge. See 8 C.F.R. §§ 1236.1(c)(8), (d)(1).

On September 5, 2025, the Board of Immigration Appeals ("BIA") found that all aliens present in the United States without permission are to be considered "applicants for admission" under §1225 and therefore subject to the mandatory detention scheme of that section of the statute. Matter of Jonathan Javier Yajure Hurtado, Respondent, 29 I. & N. Dec. 216 (BIA 2025. The BIA purportedly based that decision upon the plain language and legislative history of §1225.

### III. Discussion

The core disagreement between the parties rests on the statutory provision under which the petitioner is currently being detained. The government contends that petitioner is being held pursuant to §1225(b)(2) and is therefore subject to mandatory detention. It asserts that, based on Matter of Hurtado, immigration judges are without authority to hold bond hearings for aliens such as the petitioner. The petitioner responds that his detention is pursuant to §1226(a) and that he must therefore be granted a bond hearing.

Recently, other sessions of this Court have found that §1226(a), rather than §1225(b)(2), applies to aliens who are detained while residing in the United States. See Guerrero Orellana v. Moniz, No. 25-CV-12664-PBS, 2025 WL 2809996, at *6 (D. Mass. Oct. 3, 2025); Gomes v. Hyde, No. 1:25-CV-11571-JEK, 2025 WL 1869299, at *2 (D. Mass. July 7, 2025); Sampiao v. Hyde,

No. 1:25-CV-11981-JEK, 2025 WL 2607924, at *7 (D. Mass. Sept. 9, 2025). Furthermore, the United States Supreme Court has held that, whereas §1225(b) authorizes the Government to detain certain aliens seeking admission into the country, §1226 "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings." Jennings v. Rodriguez, 583 U.S. 281, 289 (2018).[1]

This Court agrees with petitioner that, as an alien who is already residing in this country, his ongoing detention is subject to the discretionary release framework governed by §1226(a). He is therefore entitled to a meaningful bond hearing as described in Hernandez-Lara v. Lyons, 10 F.4th 19, 42 (1st Cir. 2021)(finding that a continued detention under §1226(a) requires the government either 1) to prove by clear and convincing evidence that petitioner poses a danger to the community or (2) to prove by a preponderance of the evidence that petitioner poses a flight risk).

---

[1] Although Matter of Hurtado may have found otherwise, this Court is compelled to exercise independent judgment as to whether an agency has acted within its statutory authority. Loper Bright Enters. v. Raimondo, 603 U.S. 369, 412, (2024).

## ORDER

For the forgoing reasons, the petition for writ of habeas corpus (Docket No. 1) will be **ALLOWED**. The Court directs that Zamora is to be released unless he is afforded a bond hearing that complies with the standards in Hernandez-Lara within seven days of the date of this order.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 17, 2025